**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY COLEMAN, | ) | |
| | ) | No: |
| Plaintiff, | ) | Judge |
| | ) | Magistrate Judge |
| v. | ) | |
| | ) | |
| | ) | |
| | ) | |
| THE CITY OF CHICAGO, and Unidentified | ) | |
| Chicago Police Officers, John Does 1-3 | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

**COMPLAINT AGAINST THE CITY OF CHICAGO AND THREE
POLICE OFFICERS FOR CIVIL RIGHTS VIOLATIONS**

Rashida Mahama
1480 McClure Rd.
Aurora, IL 60505
(517) 862-6711 Fax
(888) 893-1977
Email:  mahamalegal@yahoo.com

William Amattey
619 South LaSalle, Suite
#103 Chicago, Illinois 60605
Tel: (312) 427-7280
Fax: (773)665-0469
Email:  amatwill@juno.com

Attorneys for Plaintiff

## Table of Contents

Identity of Parties…………………………………………… 3

Index of Authorities……………………………………...…… 4

Jurisdictional Statement…………………………………… ..5

Complaint…………………………………………………...… 6

Jurisdiction……………………………………………..…… 6

Parties……………………………………………………..…… 6

Statement of Facts…………………………………………..……… 7

Count 1, False Arrest……………..…………………….……… 10

Count 2, Unlawful Search and Seizure………………………… 10

Count 3, Malicious Prosecution…...…………………………… 11

Count 4, False Imprisonment……………..…………….…… 12

Count 5, Respondeat Superior Liability… …...……………… ..… 13

Prayer………………………………………………………… ….14

Certificate of Service…………………………………… ..… ..16

**Identity of Parties**

**Plaintiff**

Terry Coleman

**Counsel for Plaintiff**

Rashida Mahama
1480 McClure Rd.
Aurora, IL 60505
(517) 862-6711 Fax
(888) 893-1977
Email: mahamalegal@yahoo.com

William Amattey
619 South LaSalle, Suite
#103 Chicago, Illinois 60605
Tel: (312) 427-7280
Fax: (773)665-0469
Email: amatwill@juno.com

**Defendants**

City of Chicago
Unidentified Police Officers, John Does 1-3

**Counsel for Defendants**

The Corporation Counsel
City of Chicago Department of law
30 North LaSalle Street, Room 900
Chicago, Illinois 60602

**Index of Authorities**

1.      Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a);

2.       Constitution of the United States, and supplemental jurisdiction under

3.      28 U.S.C. Section 1367.

4.      28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

**Jurisdictional Statement**

The above-named Plaintiff hereby complaints against the defendants for violating his civil rights guaranteed by law. Jurisdiction is asserted pursuant to Section 1983 of the Civil Rights Act of 1964, as amended, 42 U.S.C and the Fourth, Fifth and Sixth Amendments to the United States Constitution.

Venue is asserted pursuant to 28 U.S.C. Section 1391 (b) as the events described herein all occurred in the Northern District of Illinois.

This Complaint is timely filed and not barred by statute.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERRY COLEMAN, | ) |
| | ) No: |
| Plaintiff, | ) Judge |
| | ) Magistrate Judge |
| v. | ) |
| | ) |
| | ) |
| | ) |
| THE CITY OF CHICAGO, and Unidentified | ) |
| Chicago Police Officers, John Does 1-3 | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff TERRY COLEMAN, by and through his attorneys, William Amattey and Rashida Mahama, makes the following complaint against Defendants, The CITY OF CHICAGO (ōDefendant Cityö), and Unidentified Defendant City of Chicago police officers JOHN DOES 1-3. ("Defendant Officers"):

## **Jurisdiction**

5.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

6.      Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## **Parties**

7.      Plaintiff TERRY COLEMAN is a resident of Chicago, Illinois.

8.      Defendant police officers are duly appointed and sworn Chicago police officers.

6

9.      At all times relevant to this Complaint, the Defendant-Officers were agents of the City of Chicago, acting in the course and scope of their employment, and under color of City of Chicago municipal law, ordinance and/or regulation and Illinois State law.

10.      Defendant Chicago Police Officers John Doe One through Three are all sworn officers of the Chicago Police Department whose names and star numbers are not now known to Plaintiff. John Does One through Three are sued in their individual capacities for actions they took by virtue of their authority as Police officers.

11. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Statement of the Facts**

12.      In or around March 2012, Plaintiff TERRY COLEMAN fell victim to a mobile game scheme at 55th and Martin Luther King Jr. Drive in Chicago, Illinois. The vehicle used by the game scheme operators was a truck. One of the scheme operators, a woman, enticed Mr. Coleman to play a game in which he was told he could potentially win clothing, electronics and other items. When all was said and done, Mr. Coleman was scammed out of $800.00.

13.      Six months later, around 5p.m. on September 14, 2012, Mr. Coleman asked his neighbor Darrin Cobbs to drive him to go and check on his vehicle which was located at 42nd and Princeton Road, Chicago, Illinois.

14.      As the car Mr. Coleman was in exited on 43rd Street off of I-94, Mr. Coleman recognized the game truck and the persons that he believed had scammed him out of $800.00 parked at a BP gas station located at the intersection of 43rd Street and S. Wentworth Avenue in Chicago, Illinois.

15.      Mr. Cobbs pulled into the gas station and upon further inspection Mr. Coleman

confirmed that the truck and the two persons near the truck were the same people who had scammed him six months earlier.

16.     Mr. Coleman decided to call 911 to report that he had been scammed and that the game scheme operators were in the process of scamming someone else.

17.     Shortly after placing the call, an officer in a white shirt pulled into the BP gas station, hopped out of his car and asked who called 911.

18.     When Mr. Coleman replied that he was the person who called 911, the officer in the white shirt walked towards Mr. Coleman and exclaimed ÷youøre a big guy!ö That officer then radioed for the squad cars to slow down and stated that he was ÷going in with one.ö Additional police officers, Defendants herein, arrived on the scene.

19.     Without consent or warning, the officer in white shirt searched Mr. Coleman.

20.     While searching Mr. Coleman the officer in white shirt asked Mr. Coleman what gang he belonged to. Mr. Coleman responded by saying that he is a father of four that takes care of his kids. As Mr. Coleman was talking, the white-shirted officer pulled a Link Card out of Mr. Colemanøs back pocket and said ÷No! I take care of your fucking kids! Thatøs my fucking tax money on that card!ö

21.     The officer in white shirt then ordered the two other Defendant-officers to cuff Mr. Coleman and place him in the police truck. Mr. Coleman was seized and not free to leave despite the fact that the search did not yield any contraband or evidence of criminal activity. Mr. Coleman was not read his rights at any point during this time.

22.     At no time on the above-referenced date did Mr. Coleman commit any act and/or crime that would warrant his detention and/or the search of his person.

23.     Mr. Coleman remained in the hot truck in excess of twenty minutes.

24.     Mr. Coleman was eventually taken to the District 9 Police Station (3120 S. Halsted St, Chicago, IL 60608) where he was falsely charged with making a false report of offense. Mr. Coleman was placed in a holding cell overnight.

25.     The next morning Mr. Coleman was taken to Mercy Hospital for medical attention for symptoms of panic, anxiety and stress from the above-described incident.

26.     Mr. Coleman remained in the county jail for one week and was subsequently placed on house arrest.

27.     Soon after Mr. Coleman's arrest, the mugshot taken of him by the police was posted on the internet under the caption "Busted".

28.     In the first week of October 2012, Mr. Coleman applied for a job with MARGARITA'S MEAT MARKET in Chicago but was not hired when his prospective employer discovered the mugshot on the internet. The owner of the company then advised Mr., Coleman to take care of his "situation".

29.     On October 26, 2012, Mr. Coleman filed a complaint with the Independent Police Review Authority.

30.     On March 11, 2013 the criminal charges against Mr. Coleman were disposed of in a manner indicative of his innocence in that he was found not guilty.

31.     As a direct result of the actions of the Chicago Police Officers, Mr. Coleman has not succeeded in getting a job in spite of his best efforts. In addition, Mr. Coleman's unemployment benefits were terminated as a result of the arrest.

32.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Mr. Coleman's rights.

33.     As a direct and proximate result of the acts of the Defendants described above, Mr.

Coleman has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

## COUNT I

### (42 U.S.C. §1983 -FALSE ARREST)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

The above acts of the unknown Defendant Officers were willfully and wantonly done without probable cause and were a direct and proximate cause of Mr. Brown's pain, suffering and mental anguish, and therefore violated the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Officer in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT II

### (42 U.S.C. §1983 UNLAWFUL SEARCH & SEIZURE)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

34.     As more fully described above, Defendant Officer seized Plaintiff and searched his person without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

35.     As a direct and proximate result of this illegal search and seizure, Plaintiff suffered

damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officer in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III

### (MALICIOUS PROSECUTION UNDER ILLINOIS STATE LAW)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

36. Defendant Officers willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause to do so.

37. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant Officers created false and/or inaccurate police reports and/or made false statements to the prosecutor.

38. The legal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

39. As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff suffered emotional damages as described in preceding paragraphs and which will be proven at trial.

40. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

41. At all relevant times, Defendant Officers were agents of Defendant City, and acting within the scope of their employment as a City of Chicago police officers. Defendant City, therefore, is liable as principal for all torts committed by Defendant Officer.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs, attorneys fees, and such other relief as is just and equitable.

## COUNT IV

### ( FALSE IMPRISONMENT UNDER ILLINOIS STATE LAW)

(1-29). Plaintiff Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

42.    As more fully described above, Defendant Officers unlawfully seized and detained Plaintiff Terry Coleman, without a warrant, probable cause, or any other legal justification to do so.

43.    Defendant Officers acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating Plaintiff's rights.

44.    As a direct and proximate result of Defendant Officers misconduct, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

45. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs,

Attorneys' fees and such other relief as is just and equitable.

## COUNT V

### (RESPONDEAT SUPERIOR LIABILITY
### AGAINST THE CITY OF CHICAGO)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

46.      At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

a.   Stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

b.   Preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

c.   A *code of silence* in which police officers fail to report police misconduct;

d.   Said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers;

e.   Failure to adequately investigate citizen complaints against police officers, through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct;

47.      The aforesaid acts of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs

of the CITY OF CHICAGO, the Chicago Police Department, and its police officers. Therefore the Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of <u>Respondeat Superior.</u>

**PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs, attorneys⊘fees, and such other relief as is just and equitable.

.

Dated September 20, 2013

Respectfully Submitted,

By: <u>/s/ Rashida Mahama</u> (One of Plaintiff⊘s Attorneys)

Rashida Mahama
1480 McClure Rd.
Aurora, IL 60505
(517) 862-6711 Fax
(888) 893-1977
Email:  mahamalegal@yahoo.com

William Amattey
619 South LaSalle, Suite
#103 Chicago, Illinois 60605
Tel: (312) 427-7280
Fax: (773)665-0469
Email:  amatwill@juno.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TERRY COLEMAN,                                    )
                                                  )  No:
                        Plaintiff,                )  Judge
                                                  )  Magistrate Judge
            v.                                    )
                                                  )
                                                  )
                                                  )
THE CITY OF CHICAGO, and Unidentified             )
Chicago Police Officers, John Does 1-3            )
                                                  )
                        Defendants.               )


**Certificate of Service**

I, Rashida Mahama, herby certify that on September _____, 2013, I served copies of the attached Complaint and supporting documents on the following parties by certified U. S. mail.

1. The Corporation Counsel

    City of Chicago Department of law
    30 North LaSalle Street, Room 900
    Chicago, Illinois 60602

2. Unidentified Police Officer, John Doe No. 1
    The Corporation Counsel

    C/O City of Chicago Department of
    law 30 North LaSalle Street, Room 900
    Chicago, Illinois 60602

3. Unidentified Police Officer, John Doe No. 2
    The Corporation Counsel

    C/O City of Chicago Department of
    law 30 North LaSalle Street, Room 900
    Chicago, Illinois 60602

4. Unidentified Police Officer, John Doe No. 3
    The Corporation Counsel

    C/O City of Chicago Department of
    law 30 North LaSalle Street, Room 900
    Chicago, Illinois 60602

/s/Rashida Mahama
ATTORNEY AT LAW
1480 McClure Rd.
Aurora, IL 60505
(517) 862-6711