IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY COLEMAN, | ) | No. 13 CV 6792 |
| Plaintiff | ) | Judge: Honorable John Z. Lee |
| | ) | Magistrate Judge: Hon. Young Kim |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| 1. THE CITY OF CHICAGO | ) | NO JURY DEMAND |
| 2. JAMES M. BORECZKY | ) | |
| 3. BRIAN J. LINDSTROM | ) | |
| 4. SGT J. VUKO | ) | |
| Each individual sued in his official | ) | |
| and individual capacity | ) | |

## NOTICE OF FILING

TO: Jason Marx
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite # 900
Chicago, IL 60602

Jonathan Clark Green
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle, Suite # 900
Chicago, IL 60602

Chicago Police Department
Attn: Office of Legal Affairs
3510 S. Michigan Avenue
Chicago, IL 60653

    PLEASE TAKE NOTICE that on February 10, 2014, I filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, PLAINTIFF'S SECOND AMENDED COMPLAINT, a copy of which is attached hereto and hereby served upon you.

                                           Respectfully submitted,

                                           /s/Rashida Mahama
                                           RASHIDA MAHAMA
                                           One of Plaintiff's Attorney
                                           1480 McClure Rd.
                                           Aurora, IL 60505
                                           (517) 862-6711

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY COLEMAN, | ) | No. 13 CV 6792 |
| Plaintiff | ) | Judge: Honorable John Z. Lee |
| | ) | Magistrate Judge: Hon. Young Kim |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| 1. THE CITY OF CHICAGO | ) | NO JURY DEMAND |
| 2. JAMES M. BORECZKY | ) | |
| 3. BRIAN J. LINDSTROM | ) | |
| 4. SGT. J. VUKO | ) | |
| Each individual sued in his official | ) | |
| and individual capacity | ) | |

## **PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff TERRY COLEMAN, by and through his attorneys, William Amattey and Rashida Mahama, files this SECOND AMENDED COMPLAINT against Defendants, The CITY OF CHICAGO ("Defendant City"), and Chicago Police Officers, James M. Boreczky Star no. 4231, Brian J. Lindstrom Star no. 10592 and Sergeant Jason Vuko Star no. 1306 ("Defendant-Officers"):

### **Jurisdiction**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

### **Parties**

3. Plaintiff TERRY COLEMAN is a resident of Chicago, Illinois.

4. Defendant police officers are duly appointed and sworn Chicago police officers.

5. At all times relevant to this Complaint, the Defendant-Officers were agents of the City of Chicago, acting in the course and scope of their employment and under color of City of Chicago municipal law, Ordinance and/or regulation and Illinois State law.

6. Defendant Chicago Police Officers James M. Boreczky Star no. 4231, Brian J. Lindstrom Star no. 10592 and Sgt. J. Vuko Star no. 1306 ("Defendant Officers") are all duly appointed and sworn officers of the Chicago Police Department. Defendant Officers are sued both in their individual and official capacities for actions they took by virtue of their authority as Police officers.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Statement of the Facts**

8. In or around March 2012, Plaintiff TERRY COLEMAN fell victim to a mobile game scheme at 55th Street and Martin Luther King Jr. Drive in Chicago, Illinois. The vehicle used by the game scheme operators was a truck. One of the scheme operators, a woman, enticed Mr. Coleman to play a game in which he was told he could potentially win clothing, electronics and other items. When all was said and done, Mr. Coleman was scammed out of $800.00.

9. Six months later, around 5p.m. on September 14, 2012, Mr. Coleman asked his neighbor Darrin Cobbs to drive him to go and check on his vehicle parked at 42nd Street and Princeton Road in Chicago, Illinois.

10. As the car Mr. Coleman was in exited on 43rd Street off of I-94, Mr. Coleman recognized the game truck and the persons that he believed had scammed him out of $800.00 parked at a BP gas station located at the intersection of 43rd Street and S. Wentworth Avenue in Chicago, Illinois.

11. Mr. Cobbs pulled into the gas station and upon further inspection, Mr. Coleman

confirmed that the truck and the two persons by the truck were the same people who had scammed him six months earlier.

    12. Mr. Coleman decided to call 911 to report that he had been scammed and that the game scheme operators were in the process of scamming someone else.

    13. Shortly after placing the call, an officer in a white shirt pulled into the BP gas station, hopped out of his car and asked who called 911. Plaintiff believes that that officer is third defendant Sgt. J. Vuko.

    14. When Mr. Coleman replied that he was the person who called 911, Sgt. Vuko walked towards Mr. Coleman and exclaimed "you're a big guy!" Sgt. Vuko then radioed for the squad cars that were responding to slow down and stated that he was "going in with one." First and Second Defendants, Officers Boreczky and Lindstrom, arrived on the scene.

    15. Without consent or warning, Sgt. Vuko searched Mr. Coleman.

    16. While searching Mr. Coleman, Sgt. Vuko asked Mr. Coleman what gang he belonged to. Mr. Coleman responded by saying that he is a father of four who takes care of his kids. As Mr. Coleman was talking, Sgt. Vuko pulled a Link Card out of Mr. Coleman's back pocket and said "No! I take care of your fucking kids! That's my fucking tax money on that card!"

    17. The officer in white shirt then ordered Officers Boreczky and Lindstrom to cuff Mr. Coleman and place him in the police truck. Mr. Coleman was seized and not free to leave despite the fact that the search did not yield any contraband or evidence of criminal activity.

    18. Mr. Coleman was not read his rights at any point during this time.

    19. At no time on the above-referenced date did Mr. Coleman commit any act and/or crime that would warrant his detention and/or the search of his person.

    20. Mr. Coleman remained in the hot truck in excess of twenty minutes.

21. Mr. Coleman was eventually taken to the District 9 Police Station (3120 S. Halsted St, Chicago, IL 60608) where he was wrongly charged with making a false report of offense. Mr. Coleman was placed in a holding cell overnight.

22. The next morning Mr. Coleman was taken to Mercy Hospital for medical attention for symptoms of panic, anxiety and stress from the above-described incident.

23. Mr. Coleman remained in the county jail for one week and was subsequently placed under house arrest.

24. Soon after Mr. Coleman's arrest, the mugshot taken of him by the police was posted on the internet under the caption "Busted".

25. In the first week of October 2012, Mr. Coleman applied for a job with Margarita's Meat Market in Chicago but was not hired when his prospective employer discovered the mugshot on the internet. The owner of the company then advised Mr. Coleman to take care of his "situation".

26. On October 26, 2012, Mr. Coleman filed a complaint with the Independent Police Review Authority.

27. On March 11, 2013 the criminal charges against Mr. Coleman were disposed of in a manner indicative of his innocence in that he was found not guilty.

28. As a direct result of the actions of the Chicago Police Officers, Mr. Coleman has not succeeded in getting a job in spite of his best efforts. In addition, Mr. Coleman's unemployment benefits were terminated as a result of the arrest.

29. Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Mr. Coleman's rights.

30. As a direct and proximate result of the acts of the Defendants described above, Mr. Coleman has suffered and continues to suffer damages including loss of physical liberty,

emotional distress, physical pain and suffering, mental anguish and humiliation, and pecuniary damages including medical expenses.

## COUNT I

### (42 U.S.C. §1983 -FALSE ARREST)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

The above acts of the Defendant-Officers were willfully and wantonly done without probable cause and were a direct and proximate cause of Mr. Coleman's pain, suffering and mental anguish, and therefore in violation the Plaintiff's Forth Amendment right to be free from unreasonable arrest, search and seizure.

**WHEREFORE,** Plaintiff prays for judgment against Defendant-Officers in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT II

### (42 U.S.C. §1983 UNLAWFUL SEARCH & SEIZURE)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

31. As more fully described above, one of the Defendant Sgt. Vuko seized Plaintiff and searched his person without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

32. As a direct and proximate result of this illegal search and seizure, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant-Officer in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III

## (MALICIOUS PROSECUTION UNDER ILLINOIS STATE LAW)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

33. Defendant-Officers willfully and wantonly initiated or caused to be initiated, legal proceedings against Plaintiff and/or caused these legal proceedings to continue against him, without probable cause to do so.

34. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant-Officers created false and/or inaccurate police reports and/or made false statements to the prosecutor.

35. The legal proceedings against Plaintiff were terminated in his favor, in a manner indicative of innocence.

36. As a direct and proximate result of Defendant-Officers' malicious prosecution, Plaintiff suffered emotional damages as described in preceding paragraphs and which will be proven at trial.

37. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

38. At all relevant times, Defendant-Officers were agents of Defendant City, and acting within the scope of their employment as a City of Chicago police officers. Defendant

City, therefore, is liable as principal for all torts committed by Defendant Officer.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT IV

### (FALSE IMPRISONMENT UNDER ILLINOIS STATE LAW)

(1-29). Plaintiff Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

39. As more fully described above, Defendant-Officers unlawfully seized and detained Plaintiff Terry Coleman, without a warrant, probable cause, or any other legal justification to do so.

40. Defendant-Officers acted willfully and wantonly in that they intended to violate, or were recklessly indifferent towards violating Plaintiff's rights.

41. As a direct and proximate result of Defendant-Officers' misconduct, Plaintiff suffered damages, including emotional damages, which will be proven at trial.

42. Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs Attorneys' fees and such other relief as is just and equitable.

## COUNT V

### (RESPONDEAT SUPERIOR LIABILITY AGAINST THE CITY OF CHICAGO)

(1-29). Plaintiff, Terry Coleman, alleges and realleges paragraphs 1 through 29 as fully set forth herein.

43. At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

   a. Stopping, detaining, arresting, and searching persons without a warrant, probable cause, reasonable suspicion, consent, or any other legal basis;

   b. Preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures;

   c. A *code of silence* in which police officers fail to report police misconduct;

   d. Said *code of silence* also includes police officers either remaining silent or giving false and misleading information during trials and official investigations to cover up misconduct, and protect themselves and other officers;

   e. Failure to adequately investigate citizen complaints against police officers, through the Office of Professional Standards (OPS), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct;

The aforesaid acts of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers Boreczky, Lindstrom and Vuko. Therefore the Defendant City of Chicago as principal is liable for the actions of its agents under the doctrine of Respondeat Superior.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as costs, attorneys' fees, and such other relief as is just and equitable.

Dated February 10, 2014

                                                Respectfully Submitted,

                                                By: /s/ Rashida Mahama
                                                (One of Plaintiff's Attorneys)

Rashida Mahama
1480 McClure Rd.
Aurora, IL 60505
Tel: (517) 862-6711
Fax: (888) 893-1977
Email: mahamalegal@yahoo.com


William Amattey
619 South LaSalle, Suite #103
Chicago, Illinois 60605
Tel: (312) 427-7280
Fax: (773) 665-0469
Email: amatwill@juno.com