**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TERRY COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6792 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| THE CITY OF CHICAGO, JAMES M. | ) | |
| BORECZKY, BRIAN J. LINDSTROM, and | ) | |
| SGT. J. VUKO, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Terry Coleman has sued Defendants the City of Chicago (the "City") and Chicago Police Officers James M. Boreczky, Brian J. Lindstrom, and Sergeant J. Vuko for false arrest and unlawful search and seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983 and malicious prosecution and false imprisonment in violation of state law. Plaintiff also brought a claim against the City under *Monell v. City of New York*, 436 U.S. 659, 98 S.Ct. 2018 (1978), whereby municipalities, government agents, or policymaking individuals may be held liable for constitutional deprivations pursuant to governmental custom. Defendants move to dismiss Plaintiff's false imprisonment claim, arguing that the claim is barred by the statute of limitations, and Plaintiff's *Monell* claim, arguing that he fails to state a claim. For the reasons set forth herein, the Court denies Defendants' motion to dismiss Plaintiff's false imprisonment claim and grants Defendants' motion to dismiss Plaintiff's *Monell* claim.

# Facts[1]

Plaintiff Terry Coleman ("Coleman") is a resident of Chicago, Illinois. Second Am. Compl. ¶ 3. In or around March 2012, Coleman fell victim to a scam. *Id.* ¶ 8. A woman in a truck enticed Coleman to play a game claiming he could win prizes, but Coleman was defrauded out of $800.00. *Id*.

About six months later, on September 14, 2012, Coleman recognized the truck and the two people he believed had defrauded him. *Id*. ¶¶ 9-10. After confirming the identity of the two individuals, Coleman called 911. *Id.* ¶¶ 11-12. Sergeant Vuko responded to the scene, searched Coleman "[w]ithout consent or warning," and asked Coleman what gang he belonged to. *Id*. ¶¶ 14-16.

Even though Coleman had not committed any crime, an officer in a white shirt ordered Officers Boreczky and Lindstrom to cuff Coleman and place him in a police truck. *Id*. ¶¶ 17, 19. Coleman was then charged with making a false police report and remained in a county jail for one week. *Id*. ¶¶ 21, 23. On October 26, 2012, Coleman filed a complaint with the Independent Police Review Authority. *Id*. ¶ 26. Several months later, on March 11, 2013, Coleman was found not guilty of the criminal charges. *Id.* ¶ 27.

Coleman also alleges that the City followed "practices, policies, and customs" which permitted: (1) the arrest and search of persons without any legal basis; (2) the submission of false and incomplete police reports to cover up police misconduct; (3) a code of silence in which police officers fail to report police misconduct; (4) a code of silence in which officers remain silent or give misleading information during trials and investigations; and (5) the Office of Professional Standards to fail to investigate citizen complaints against police officers. *Id*. ¶ 43.

---

[1] The following facts are taken from Plaintiff's Second Amended Complaint and are assumed to be true for purposes of this motion to dismiss. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

**Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted); *see also* Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[] as true all well-pleaded facts alleged, and draw[] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**Discussion**

I. **False Imprisonment Claim - Statute of Limitations**

Defendants first argue that Plaintiff's state false imprisonment claim is barred by the statute of limitations. The Illinois Tort Immunity Act provides a one-year statute of limitations for actions "commenced against a local entity or any of its employees[.]" 745 Ill. Comp. Stat.

10/8-101(a) (West 2010); *see also Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 761-62 (N.D. Ill. 2012). Defendants note that because Plaintiff sued a local entity and its employees, Plaintiff's tort causes of actions are governed by a one-year statute of limitations.

A plaintiff's failure to file suit within the statute of limitations provides the defendant with an affirmative defense. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); Fed. R. Civ. P. 8(c)(1). At the pleading stage, a plaintiff is not required to anticipate and defeat affirmative defenses. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). As such, a lawsuit cannot be properly dismissed under Rule 12(b)(6), unless the complaint establishes all of the necessary elements of an affirmative defense. *See United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (internal citation omitted). Therefore, the Court may grant Defendants' Rule 12(b)(6) motion based on the statute of limitations only if the complaint affirmatively establishes that Plaintiff had failed to file suit within the one-year statute of limitations.

Plaintiff's Second Amended Complaint was filed on February 10, 2014. Plaintiff's complaint, however, does not affirmatively allege that he failed to file suit within the statute of limitations or that equitable tolling, equitable estoppel, or relation back principles are inapplicable. Thus, Plaintiff has not pleaded himself out of court. *See Richards*, 696 F.3d at 637. Accordingly, the Court denies Defendants' motion to dismiss Plaintiff's false imprisonment claim based upon the statute of limitations.

## II. Failure to State a *Monell* Claim

Defendants also argue that Plaintiff fails to state a *Monell* claim against the City. Municipalities, government agents, or policymaking individuals may not be held liable under a *respondeat superior* theory but may be held liable under Section 1983 for constitutional

deprivations pursuant to governmental custom. *See Monell*, 436 U.S. at 691. In order to establish liability under *Monell*, a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009) (quoting *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)).

Plaintiff's *Monell* claim is based upon the allegation that the city followed "practices, policies, and customs" related to arrests without probable cause, preparing false police reports, a code of silence, and failing to adequately investigate citizen complaints against police officers. Second Am. Compl. ¶ 43. A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. 544 at 570). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To state a *Monell* claim, a plaintiff is required to "'plead[] factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that deprived him of his constitutional rights. *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

Plaintiff has not pleaded facts that support a reasonable inference that the City engaged in "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice[.]" *Waters*, 580 F.3d at 581. Instead, Plaintiff merely alleged that the City engaged in "practices, policies, and customs" without providing any factual basis for that allegation. A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Here, Plaintiff fails to point to facts that would support an inference that the City engaged in a widespread practice, custom, or policy that led to a constitutional violation.

*Gustafson v. Jones*, 117 F.3d 1015 (7th Cir. 1997), is instructive. There, the district court dismissed a complaint that alleged "[t]he Milwaukee Police Department has in the past, and continues to, engage in a practice of retaliatory transfer, discipline, and discharge." 117 F.3d at 1021-22. The Seventh Circuit affirmed the district court's ruling and noted that the isolated incident regarding the plaintiff "was not enough to show that the County itself had a policy or custom that caused the plaintiff's injuries." *Id*. at 1021 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397 (1997)). As in *Gustafson*, Plaintiff's conclusory allegations regarding an isolated incident involving Defendants fails to state a *Monell* claim against the City. *See also Willis v. Otten*, No. 13-CV-4385, 2013 WL 6730760, at * 2 (N.D. Ill. Dec. 19, 2013) (granting defendant's motion to dismiss plaintiff's *Monell* claim because "simply alleging that the City condones a code of silence with nothing further is insufficient to state a claim under Fed. R. Civ. P. 12(b)(6).").

In response, Plaintiff argues that he "realleges twenty-nine paragraphs of facts showing that the Defendant officers deprived him of constitutional rights, and from which it can easily be inferred that a local informal police was in part responsible for the constitutional violation." Pl.'s Opp'n Defs.' Mot. Dismiss 6. Plaintiff simply argues, again in a conclusory manner, that his Second Amended Complaint successfully alleges a *Monell* claim. Although the twenty-nine paragraphs of facts may support Plaintiff's Fourth Amendment and state law claims, these facts describe only an isolated incident of Defendants' conduct. Plaintiff's Second Amended Complaint is devoid of facts that support an inference that the city engaged in a widespread

policy, practice, or custom that lead to a constitutional violation. As such, the Court holds that Plaintiff has failed to state a *Monell* claim.

## Conclusion

For the reasons provided herein, the Court grants in part and denies in part Defendants' motion to dismiss [15]. The Court denies Defendants' motion to dismiss Plaintiff's false imprisonment claim (Count IV). The Court grants Defendants' motion to dismiss Plaintiff's *Monell* claim (Count V) and dismisses this claim against the City without prejudice.

SO ORDERED                                        ENTER: 7/25/14

_____
**JOHN Z. LEE**
**United States District Judge**